Darren P.B. Rumack (DR-2642)
THE KLEIN LAW GROUP
11 Broadway Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*

**EASTERN DISTRICT OF THE STATE OF NEW YORK**

-----------------------------------------------------------------------x

**JOSE ROLANDO LEON,** *Individually and on behalf of others similarly situated,*

                              **Plaintiff**

v.                                              Case No . 16-cv-480 (KAM)(PK)

**ZITA CHEN, INDIVIDUALLY
AND DNC DOORS & CABINETS INC.**

                              **Defendants.**

-----------------------------------------------------------------------x

<u>**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S PROPOSED DAMAGES**</u>

### I. PRELIMINARY STATEMENT

Plaintiff Jose Rolando Leon ("Plaintiff") has filed for judgment by default against Defendants Zita Chen and DNC Doors & Cabinets Inc. (collectively "Defendants"). Plaintiff has established that Defendants were properly served with the complaint and have failed to appear, plead, file an answer, or otherwise defend this action. In support of the Court's request for an evidentiary basis for the damages requested, Plaintiff submits this memorandum, his own declaration and the declaration of his attorney, Darren P.B. Rumack, Esq. and the accompanying exhibits.

### II. PROCEDURAL BACKGROUND

On January 29, 2016, Plaintiff filed a complaint charging Defendants with violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The complaint charges that Defendants are liable to Plaintiff for minimum wage, overtime compensation, spread of hours pay, and failure to maintain proper payroll records. The complaint alleges that Defendants are liable for liquidated damages under the FLSA and the NYLL and attorneys' fees and costs, as well as post-judgment interest.

As set forth in the accompanying declaration of Darren P.B. Rumack, Esq., this court has both personal jurisdiction and subject matter jurisdiction in this case.

### III. ARGUMENT

#### A. Plaintiff Is Entitled To Unpaid Minimum Wages And Overtime Pay

##### i. The NYLL And The FLSA Provide For Minimum Wage And Overtime Pay

Plaintiff alleges that Defendants violated the NYLL and the FLSA by failing to pay proper minimum wage and overtime compensation for all hours worked. Under the NYLL, the New York state minimum wage is $8.00 effective January 1, 2014, and $8.75 effective January

1, 2015. N.Y.L.L. § 652. Under the FLSA, the federal minimum wage is $7.25 per hour as of July 24, 2009. 29 U.S.C. § 206(a). The NYLL and the FLSA further provide that employees must be compensated at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek. See 29 U.S.C. § 207(a); NYLL 652(1); 12 N.Y.C.R.R. § 142-2.2.

### ii. The Court May Rely On Plaintiff's Recollection In His Declaration

The Court is permitted to rely on Plaintiff's recollection of the times he worked and wages he was paid, because Defendants have not kept adequate payroll records. Pavia v. Around The Clock Grocery, Inc., 2005 WL 4655383 at *5 (E.D.N.Y. Nov. 15, 2005). Where no records have been produced as a consequence of Defendants' default, courts have held that the employee has "carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id. Further, Plaintiff's testimony as to the hours he worked and his rate of pay are presumed to be correct in the absence of any rebuttal evidence proffered by Defendants. Duro v. BZR Piping & Heating Inc., 2011 WL 710449 at *3 (E.D.N.Y. Jan. 26, 2011). Due to their default, Defendants have also failed to provide any evidence to contradict Plaintiff's recollection.

### B. Plaintiff Is Entitled To Liquidated Damages

Plaintiff is entitled to an award of liquidated damages under the NYLL and the FLSA. The FLSA provides for 100% liquidated damages for violation of its minimum wage and overtime compensation provisions. See 29 U.S.C. § 216(b). Additionally, the NYLL provides for 100% liquidated damages, unless the employer proves a "good faith basis to believe that its underpayment of wages was in compliance with the law." NYLL § 663(1). Due to their default,

Defendants have failed to prove a good faith basis for their non-compliance with the law. Maldonado v. La Nueva Rampa, Inc., 2012 WL 1669341 at *8 (S.D.N.Y. May 14, 2012).

### C. Plaintiff Is Entitled To Liquidated Damages Under Both The NYLL And The FLSA

Plaintiff is entitled to recover liquidated damages under both the NYLL and the FLSA. The court is permitted to award liquidated damages under both the NYLL and the FLSA, because recovery of the liquidated damages under each statute serves different functions. See Lanzetta v. Florio's Enterprises, Inc., 2011 WL 3209521 at *5 (S.D.N.Y. July 27, 2011); Yu G. Ke v. Saigon Grill, Inc., 595 F.Supp.2d 240, 261 (S.D.N.Y.2008) (awarding liquidated damages under both statutes and stating that liquidated damages under the FLSA are not punitive in nature like the NYLL).

### D. Plaintiff Is Entitled To Spread Of Hours Pay

Plaintiff is entitled to spread of hours pay pursuant to New York law. Plaintiff asserts that Defendants failed to pay him an additional hour of pay at the New York state minimum wage for each day he worked more than ten (10) hours. See N.Y.C.R.R. § 142-2.4. The spread of hours is defined as the interval between the beginning and end of an employee's workday. Id. The spread of hours for any day includes working time plus time off for meals plus intervals off duty. Id. As set forth in the Complaint and Plaintiff's accompanying declaration, Plaintiff frequently worked more than ten (10) hours per day and is entitled to spread of hours pay.

### E. Plaintiff Is Entitled To Post-Judgment Interest

Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. Pereira v. J. Sisters Hair Care Productions, Inc., 2010 WL 2194807 at *1 (S.D.N.Y. June 1, 2010) (awarding post-judgment interest on default judgment); Blue v. Finest Guard Services, Inc., 2010 WL 2927398 at *13 (E.D.N.Y. June 24, 2010). This amount is calculated from the date of the entry

of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. See 28 U.S.C. § 1961.

### F. Plaintiff Is Entitled To Damages For Defendants' Failure to Issue a Written Notice of Rate of Pay

Plaintiff is entitled to $50.00 per week for Defendants' failure to issue him with a written notice of their rate of pay with a maximum award of $5000.00. N.Y.L.L. § 195, 198.

As set forth in the Complaint and in their accompanying Declaration, Plaintiff was never issued a written notice of their rate of pay by Defendants.

### G. Plaintiff Is Entitled To An Award Of Attorneys' Fees

Plaintiff is entitled to an award of attorney's fees and costs in this matter. Both the FLSA and the NYLL provide for an award of reasonable attorneys' fees and costs to a prevailing plaintiff. See 29 U.S.C. § 216(b); N.Y.L.L. § 663(1).

Here, Plaintiff is represented by the Klein Law Group, P.C. A detailed breakdown of the attorneys' fee request and breakdown of time spent and costs on this case is located in the supporting declaration of Darren P.B. Rumack, Esq. A total of 12.51 hours have been expended to date, which is in line with cases with a similar procedural posture of filing for a motion for default judgment after filing a complaint. See Maldonado, 2012 WL 1669341 at * 14; Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 514 (S.D.N.Y. 2011).

## IV.    CONCLUSION

Pursuant to the foregoing, Plaintiff is entitled to an award representing damages for unpaid minimum wage, unpaid overtime compensation, liquidated damages, spread of hours pay, post-judgment interest, failure to issue a written notice of rate of pay and attorneys' fees and costs.

Dated: New York, New York  
       May 10, 2016

Respectfully submitted,

The Klein Law Group P.C.

By: _____  
Darren P.B. Rumack (DR-2642)  
11 Broadway, Suite 960,  
New York, NY 10004  
Phone: 212-344-9022  
Fax: 212-344-0301  
*Attorneys for Plaintiffs.*