**EASTERN DISTRICT OF THE STATE OF NEW YORK**

--------------------------------------------------------------------x

**JOSE ROLANDO LEON,** *Individually and on behalf of others*
*similarly situated,*

|   |   |
|---|---|
| **Plaintiff,** | **Case No. 16-cv-480 (KAM)(PK)** |
| **v.** | **DECLARATION OF** |
|   | **DARREN P.B. RUMACK, ESQ.** |

**ZITA CHEN, Individually**
**and DNC DOORS & CABINETS INC.**

                                                **Defendants.**

--------------------------------------------------------------------x

**DARREN P.B. RUMACK, ESQ.,** declares pursuant to 28 U.S.C. § 1746 as follows:

1.      I am an attorney at the law firm of The Klein Law Group, P.C., counsel for Jose Rolando Leon ("Plaintiff"), and am familiar with the facts and circumstances set forth herein.

2.      This declaration is respectfully submitted in support of Plaintiff's application for a default judgment against Defendants Zita Chen and DNC Doors & Cabinets Inc. (collectively "Defendants''), pursuant to Federal Rule of Civil Procedure ("FCRP") 55(b)(2), because Plaintiff has properly filed and served the Summons and Complaint in this action, and no Answer or appearance has been made by Defendants.

3.      On April 15, 2016, the Clerk of the United States District Court for the Eastern District of New York executed the Clerk's Certificate acknowledging the default of both Defendants. Copies of the Clerk's Certificates are annexed hereto as Exhibit "A."

4.      Now, for the reasons set forth below, this Court should issue a default judgment against Defendants.

**Background of this Action**

5.      Plaintiff instituted this action by duly filing the Summons and Complaint with this Court on January 29, 2016. (A copy of Plaintiff's Summons and Complaint is annexed hereto as Exhibit "B").

6.      The Complaint alleges that Defendants, who employed Plaintiff from on or about December 2013, until December 16, 2015, unlawfully failed to pay Plaintiff minimum wage, overtime pay and spread of hours pay for all hours worked, in violation of New York state and federal law.

7.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

8.      This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.      This Court has personal jurisdiction over Defendants, because the action was commenced in this court, service of the summons and complaint were properly served upon all Defendants within New York state and Defendants were domiciled and doing business in New York.

10.     The Complaint seeks compensatory and liquidated damages in an amount to be determined at trial, as well as attorneys' fees and costs, and post-judgment interest.

### Service Was Duly Made Upon Defendants

11.     Service was properly effectuated upon Defendants in this case.

12.     Service was properly effectuated upon Defendant Zita Chen, by serving a copy of the Summons and Complaint upon Suki Zhang, who identified himself as a co-worker of the Defendant. (A copy of the Affidavit of Service is annexed hereto as Exhibit "C").

13.     Service was properly effectuated upon Defendant DNC Doors and Cabinets Inc., by serving a copy of the Summons and Complaint upon Suki Zhang, who identified himself as the general-agent of the Defendant. (A copy of the Affidavit of Service is annexed hereto as Exhibit "C").

14.     Proof of service was filed with the Court on February 16, 2016 and March 14, 2016 respectively. A copy of the Court Docket indicating proof of service is annexed hereto as Exhibit "D."

15.     More than twenty (20) days have passed since Defendants were served and proof of service was filed.

16.     To date, no Counsel has appeared on behalf of Defendants and no Answer has been filed or served.

17.     The Clerk of the United States District Court for the Eastern District of New York signed the Clerk's Certificate acknowledging the default of Defendants on April 15, 2016. See Exhibit "A."

18.     Pursuant to FRCP 55(b)(2), Plaintiff is entitled to apply to the Court for a default judgment against Defendants on all claims for relief, including all damages demanded in the Complaint, and attorneys' fees.

19.     Copies of statements for attorney time related to this case are annexed hereto as Exhibit "E."

20.     Therefore, Plaintiff is entitled to compensatory damages, punitive damages, pre-judgment and post-judgment interest, plus attorneys' fees.

21.     A proposed form of default judgment is attached hereto as Exhibit "F."

### Plaintiff's Support For Attorneys' Fees

22. I have been practicing law since 2007 and have been with the Klein Law Group as an associate since 2010, and as a partner since 2016. My practice consists mainly of wage and hour and general employment law, as well as workers' compensation and Social Security Disability law.

23. Mr. Lei has been practicing law since 2011 with the Klein Law Group P.C., and was admitted to the New York State Bar in 2012. His practice consists mainly of wage and hour and general employment law, as well as workers' compensation and Social Security Disability law.

24. A detailed breakdown of time and hours worked on this case by the firm are annexed hereto as "Exhibit E."

25. The total fee requested by the Klein Law Group for work performed on this case is $5063.05, representing 13.51 hours of work, plus $504.00 representing fees and disbursements for total of $5567.05

WHEREFORE, it is respectfully requested that the Court enter a judgment by default against Defendants on all causes of action, including compensatory damages in the amount of $17,160.00 and liquidated damages under the Fair Labor Standards Act and New York Labor Law in an amount of no less than $35,340.00 on all causes of action, damages for $5000.00 for failure to issue proper wage statements under the NYLL as well as attorneys' fees in the amount of $5567.05, and costs, and post-judgment interest under all applicable statutes, and any other

relief the Court may deem appropriate.

Dated: New York, New York
      May 10, 2016

Respectfully submitted,

The Klein Law Group P.C.

By:                           
       Darren P.B. Rumack (DR-2642)
       11 Broadway, Suite 960,
       New York, NY 10004
       Phone: 212-344-9022
       Fax: 212-344-0301
       *Attorneys for Plaintiff.*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
APR 1 5 2016
BROOKLYN OFFICE

-------------------------------------------------------------x

JOSE ROLANDO LEON, *Individually and on behalf of others similarly situated,*

**Plaintiff,**

v.

ZITA CHEN, Individually
and DNC DOORS & CABINETS INC.

**Defendants.**

-------------------------------------------------------------x

Index No. 16-cv-480 (KAM)(PK)
**CLERK'S CERTIFICATE**

I, Douglas C. Palmer, Clerk of the United States District Court for the Eastern District of New York, do hereby certify that this action commenced on January 29, 2016 with the filing of a summons and complaint.

A copy of the summons and complaint was duly served on Defendant Zita Chen via personal service on Suki Zhang, a co-worker of the Defendant, on February 8, 2016. The party is not an infant, not in the military and not an incompetent person.

Proof of the above service was duly filed on February 16, 2016.

I further certify that the docket entries indicate that Defendant has not filed an answer or otherwise moved with respect to the Complaint herein. The default of Defendant Zita Chen is hereby noted.

Dated: Brooklyn, New York
April 15th 2016

DOUGLAS C. PALMER
Clerk of the Court

By: _Janet Hamilton_
Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*FILED*
*IN CLERK'S OFFICE*
*U.S. DISTRICT COURT E.D.N.Y.*
*★ APR 15 2016 ★*
*BROOKLYN OFFICE*

----------------------------------------------------------------x

JOSE ROLANDO LEON, *Individually and on behalf of others
similarly situated,*

                              Plaintiff,

v.                                               Index 16-cv-480 (KAM)(PK)
                                                 **CLERK'S CERTIFICATE**

ZITA CHEN, Individually
and DNC DOORS & CABINETS INC.

                              Defendants.

----------------------------------------------------------------x

   I, Douglas C. Palmer, Clerk of the United States District Court for the Eastern District of

New York, do hereby certify that this action commenced on January 29, 2016 with the filing of a

summons and complaint.

   A copy of the summons and complaint was duly served on Defendant DNC Doors and

Cabinets Inc. via personal service on Suki Zhang, a general agent of the Defendant, on February

8, 2016.  The party is not an infant, not in the military and not an incompetent person.

   Proof of the above service was duly filed on February 16, 2016.

   I further certify that the docket entries indicate that Defendant has not filed an answer or

otherwise moved with respect to the Complaint herein.  The default of Defendant DNC Doors &

Cabinets Inc. is hereby noted.

Dated: Brooklyn, New York
       April 15, 2016

                                                 DOUGLAS C. PALMER
                                                 Clerk of the Court

                                                 By: Janet Hamilton
                                                     Deputy Clerk

# EXHIBIT B

Darren P.B. Rumack (DR-2642)
Xian-Ming Lei (XL-6023)
THE KLEIN LAW GROUP, P.C.
11 Broadway, Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
**JOSE ROLANDO LEON,** *Individually and on behalf of*
*others similarly situated,*

**Plaintiff,**

|  |  |
|---|---|
| **v.** | **COMPLAINT**<br>Index No.<br>**JURY TRIAL DEMANDED** |

**ZITA CHEN, Individually**
**and DNC DOORS & CABINETS INC.**

**Defendants.**

-----------------------------------------------------------------------x

1. Plaintiff Jose Rolando Leon ("Plaintiff") individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF THE ACTION**

2. This Action on behalf of Plaintiff, individually and on behalf of others similarly situated, seeks the recovery of unpaid wages and related damages for unpaid minimum wage and unpaid overtime hours worked, while employed by Defendants DNC Doors & Cabinets Inc. ("DNC") and Zita Chen ("Chen"). Plaintiff seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law.

**PARTIES**

3.  Plaintiff, a resident of New York State, was employed as a factory worker for Defendant from on or about December 2013, until December 16, 2015.

4.  Plaintiff was employed by Defendant DNC during the relevant time period.

5.  Plaintiff's consent to sue form is attached as Exhibit "A."

6.  Defendant DNC is a New York Corporation. Defendant DNC is located in Flushing, NY.

7.  DNC has an annual gross volume of sales in excess of $500,000.00.

8.  At all relevant times, DNC has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

9.  Upon information and belief, Defendant Chen is an owner and operator of DNC.

10. Defendant Chen exercises control over DNC's day to day operations, including the ability to hire and fire employees, supervise employees and set employee schedules and rates of pay.

11. Defendant Chen was an employer of Plaintiff during the relevant time period.

12. All Defendants are hereinafter collectively referred to as "Defendants".

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings the First and Third Claims for Relief as a collective action pursuant to FLSA Section 16 (b), 29 USC § 216(b), on behalf of all similarly situated workers employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay

2

Case 1:16-cv-00480-KAM-PK Document 1 Filed 01/29/16 Page 3 of 11 PageID #: 3

provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them federal minimum wage and failing to pay them at one and one half times this rate for work in excess of (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The First and Third Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## JURISDICTION AND VENUE

16. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

17. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

3

18.     Defendants committed the following alleged acts knowingly, willfully and intentionally.

19.     Defendants knew that the nonpayment of minimum wage and overtime pay to Plaintiff and the FLSA Collective Plaintiffs would economically injure Plaintiff and the FLSA Collective Plaintiffs and violated state and federal laws.

20.     Plaintiff's job duties primarily consisted of working as a factory worker for Defendants, including preparing and sanding marble and preparing the marble for installation.

21.     Plaintiff also made deliveries to customers' locations in New York, New Jersey and Connecticut to install the products in customers' homes and businesses.

22.     In 2013 and 2014, Plaintiff primarily made deliveries and installed products on-site at customers' locations.

23.     In 2015, Plaintiff primarily worked in the factory.

24.     Plaintiff frequently worked six (6) days per week for Defendants.

25.     Plaintiff frequently worked between 7:00 am until 6:00 pm.

26.     Plaintiff did not sign in or out, and did not have to record his time at work.

27.     Plaintiff often worked in excess of forty (40) hours per workweek.

28.     Defendants unlawfully failed to pay the Plaintiff and the FLSA Collective Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

29.     Defendants paid Plaintiff a salary of $120.00 per day in cash, which did not change regardless of the amount of hours Plaintiff worked in a given workweek.

30.     Defendants did not pay Plaintiff at all for his last two (2) weeks worked.

4

31. Plaintiff's workdays often lasted ten (10) hours or longer.

32. Defendants did not pay Plaintiff a spread of hours premium pursuant to New York state law when his workdays lasted ten (10) or more hours.

33. Defendants failed to provide Plaintiff with a written notice of his rate of pay and failed to keep proper payroll records as required under New York Labor Law.

34. Defendant Chen hired Plaintiff.

35. Defendant Chen set Plaintiff's rate of pay, set his schedule and set his work assignments.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Minimum Wage Violations Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs Against All Defendants**

36. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

37. The minimum wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff, and the FLSA Collective Plaintiffs.

38. Defendants have willfully failed to pay Plaintiff, and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

39. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

**SECOND CAUSE OF ACTION**
**New York Labor Law-Minimum Wage Violations Against All Defendants**

Case 1:16-cv-00480-KAM-PK   Document 1   Filed 01/29/16   Page 6 of 11 PageID #: 6

40.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

41.    The minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

42.    Defendants have willfully failed to pay Plaintiff the New York State minimum wage for all hours worked.

43.    Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

44.    As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

### THIRD CAUSE OF ACTION
**Fair Labor Standards Act-Overtime Wages Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

45.    Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46.    The overtime wage provisions set forth in the 29 USC §§ 201 *et seq.* ("Fair Labor Standards Act of 1938"), and the supporting federal regulations apply to Defendants and protects Plaintiff and the FLSA Collective Plaintiffs.

47. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the overtime wages for hours they worked in excess of forty (40) hours in a workweek.

48. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

### FOURTH CAUSE OF ACTION
New York Labor Law-Unpaid Overtime

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

50. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

51. Defendants have willfully failed to pay Plaintiff the overtime wages for hours he worked in excess of forty (40) hours in a workweek.

52. Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

53. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

### FIFTH CAUSE OF ACTION

**NYS Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 142-2.4**

54.  Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55.  Plaintiff regularly had workdays that lasted ten (10) hours or more.

56.  Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York State minimum hourly wage rate when his workdays reached or exceeded ten (10) hours, as required by New York law.

57.  As a result of Defendants' willful and unlawful acts, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by New York Labor Laws Article 19 § 663.

## SIXTH CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

58.  Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59.  Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the New York Labor Laws and its supporting regulations.

60.  Defendants failed to provide Plaintiff with a written notice of rate of pay as required by New York Labor Law § 195.

61.  Defendants' failure to make, keep and preserve accurate records was willful.

62.  As a result of Defendants' willful and unlawful acts, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by New York Labor Law § 198.

### PRAYER FOR RELIEF

63.     WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs
prays for relief as follows:

a. An award of damages, according to proof, including liquidated damages, to be
paid by Defendants;

b. Penalties available under applicable laws;

c. A declaratory judgment that the practices complained of herein are unlawful
under the FLSA and New York law;

d. Designation of this action as a collective action pursuant to the FLSA on behalf of
the FLSA Collective Plaintiffs and ordering the prompt issuance of notice
pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-
in class, apprising them of the pendency of this action, and permitting them to
assert timely FLSA claims by filing individual Consent to Sue forms pursuant to
29 U.S.C. § 216(b);

e. Designation of Plaintiff as a representative plaintiff of the FLSA Collective
Plaintiffs;

f. Costs of the action incurred herein, including expert fees;

g. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor
Law Article 19 § 663 and all other applicable statutes;

h. Pre and post judgment interest, as provided by law; and

i. Such other and further legal and equitable relief as this Court deems necessary,
just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and the FLSA Collective Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Date: January 29, 2016                        The Klein Law Group P.C.

By: _____
Darren P.B. Rumack (DR-2642)
Xian-Ming Lei (XL-6023)
THE KLEIN LAW GROUP, P.C.
11 Broadway, Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of DNC Doors & Cabinets Inc. and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay minimum wage, overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

| _Rolando León_ | _1-28-216_ | _Rolando León_ |
| --- | --- | --- |
| Signature | Date | Printed Name |

10

# EXHIBIT C

UNITED STATES DISTRICT COURT/EASTERN DISTRICT OF NEW YORK      Attorney: THE KLEIN LAW GROUP, P.C.

---

JOSE ROLANDO LEON, INDIVIDUALLY AND ON BEHALF OF OTHERS
SIMILARLY SITUATED

Plaintiff(s)

Index # 16-CV-480 KAM-PK

- against -

Purchased February 1, 2016

ZITA CHEN, ETANO

Defendant(s)

**AFFIDAVIT OF SERVICE**

---

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

TAFFPHINA THOMPSON BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on February 8, 2016 at 12:20 PM at

36-33 COLLEGE POINT BOULEVARD
FLUSHING, NY 11354

deponent served the within SUMMONS AND COMPLAINT on ZITA CHEN therein named,

**SUITABLE AGE**   by delivering thereat a true copy of each to SUKI ZHANG a person of suitable age and discretion. Said premises is Defendant's actual place of business within the state. She identified herself as the CO-WORKER of the Defendant.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | YELLOW | BLACK | 35 | 5'8 | 140 |

**MAILING**   Deponent enclosed a copy of same in a postpaid wrapper properly addressed to the Defendant at the Defendant's actual place of business at

36-33 COLLEGE POINT BOULEVARD
FLUSHING, NY 11354

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on February 11, 2016 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.

**MILITARY SERVICE**   Person spoken to was asked whether the Defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the Defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on:  February 11, 2016

JOSEPH KNIGHT
Notary Public, State of New York
No. 01KN6178241
Qualified in New York County
Commission Expires November 26, 2019

RALPH MULLEN
Notary Public, State of New York
No. 01MU6238632
Qualified in New York County
Commission Expires April 11, 2019

VINETTA BREWER
Notary Public, State of New York
No. 4949206
Qualified in Bronx County
Commission Expires April 3, 2019

TAFFPHINA THOMPSON
License #: 2019271

Invoice #: 642037

UNITED PROCESS SERVICE, INC. 3RD FLOOR, 315 BROADWAY, NEW YORK, NY, 10007, (212) 619-0728, NYCDCA#1102045

UNITED STATES DISTRICT COURT/EASTERN DISTRICT OF NEW YORK    Attorney:  THE KLEIN LAW GROUP, P.C.

JOSE ROLANDO LEON, INDIVIDUALLY AND ON BEHALF OF OTHERS
SIMILARLY SITUATED

Plaintiff(s)

Index # 16-CV-480 KAM-PK

- against -

Purchased February 1, 2016

ZITA CHEN, ETANO

Defendant(s)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

TAFFPHINA THOMPSON BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on February 8, 2016 at 12:20 PM at

36-33 COLLEGE POINT BOULEVARD
FLUSHING, NY11354

deponent served the within SUMMONS AND COMPLAINT on DNC DOORS AND CABINETS INC. therein named,

**CORPORATION**  a DOMESTIC corporation by delivering thereat a true copy of each to SUKI ZHANG personally, deponent knew said corporation so served to be the corporation described in said SUMMONS AND COMPLAINT as said Defendant and knew said individual to be the GENERAL AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| FEMALE | YELLOW | BLACK | 35 | 5'8 | 140 |

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on:  February 11, 2016

JOSEPH KNIGHT
Notary Public, State of New York
No. 01KN6178241
Qualified in New York County
Commission Expires November 26, 2019

RALPH MULLEN
Notary Public, State of New York
No. 01MU6238632
Qualified in New York County
Commission Expires April 11,2019

VINETTA BREWER
Notary Public, State of New York
No. 4949206
Qualified in Bronx County
Commission Expires April 3, 2019

TAFFPHINA THOMPSON
License #: 2019271

Invoice #: 642037

UNITED PROCESS SERVICE, INC. 3RD FLOOR, 315 BROADWAY, NEW YORK, NY, 10007  (212) 619 0728  NYCDCA#1102045

# EXHIBIT D

Case 1:16-cv-00480-KAM-PK   Document 14-2   Filed 05/10/16   Page 25 of 33 PageID #: 63 ACO

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:16-cv-00480-KAM-PK

Rolando Leon v. Chen et al                     Date Filed: 01/29/2016
Assigned to: Judge Kiyo A. Matsumoto           Jury Demand: Plaintiff
Referred to: Magistrate Judge Peggy Kuo        Nature of Suit: 710 Labor: Fair Standards
Cause: 28:1331 Fed. Question: Fair Labor Standards   Jurisdiction: Federal Question

**Plaintiff**

**Jose Rolando Leon**                 represented by   **Darren Rumack**
*individually and on behalf of others*                Klein Law Group
*similarly situated*                                  11 Broadway
                                                      Suite 960
                                                      New York, NY 10004
                                                      212-344-9022
                                                      Fax: 212-344-0301
                                                      Email: darren@thekleinlawgroup.com
                                                      *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Zita Chen**

**Defendant**

**DNC Doors and Cabinets Inc.**


| Date Filed | # | Docket Text |
|---|---|---|
| 01/29/2016 | 1 | COMPLAINT against Zita Chen, DNC Doors and Cabinets Inc. filing fee $ 400, receipt number 0207-8339087 Was the Disclosure Statement on Civil Cover Sheet completed -yes,, filed by Jose Rolando Leon. (Rumack, Darren) (Entered: 01/29/2016) |
| 01/29/2016 | 2 | Civil Cover Sheet.. Re 1 Complaint by Jose Rolando Leon (Rumack, Darren) (Entered: 01/29/2016) |
| 01/29/2016 | 3 | Proposed Summons. Re 1 Complaint by Jose Rolando Leon (Rumack, Darren) (Entered: 01/29/2016) |
| 01/29/2016 | 4 | Proposed Summons. Re 1 Complaint by Jose Rolando Leon (Rumack, Darren) (Entered: 01/29/2016) |
| 02/01/2016 |  | Case Assigned to Judge Kiyo A. Matsumoto and Magistrate Judge Peggy Kuo. Please download and review the Individual Practices of the assigned Judges, |

| | | located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Davis, Kimberly) (Entered: 02/01/2016) |
| --- | --- | --- |
| 02/01/2016 | 5 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link:http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences**. **Do NOT return or file the consent unless all parties have signed the consent**. (Davis, Kimberly) (Entered: 02/01/2016) |
| 02/01/2016 | 6 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (Davis, Kimberly) (Entered: 02/01/2016) |
| 02/01/2016 | 7 | Summons Issued as to Zita Chen, DNC Doors and Cabinets Inc.. (Attachments: # 1 Summons) (Davis, Kimberly) (Entered: 02/01/2016) |
| 02/16/2016 | 8 | SUMMONS Returned Executed by Jose Rolando Leon. Zita Chen served on 2/8/2016, answer due 2/29/2016. (Rumack, Darren) (Entered: 02/16/2016) |
| 02/16/2016 | 9 | SUMMONS Returned Executed by Jose Rolando Leon. DNC Doors and Cabinets Inc. served on 2/8/2016, answer due 2/29/2016. (Rumack, Darren) (Entered: 02/16/2016) |
| 03/08/2016 | 10 | Request for Certificate of Default by Jose Rolando Leon (Rumack, Darren) (Entered: 03/08/2016) |
| 03/14/2016 | 11 | SUMMONS Returned Executed by Jose Rolando Leon. (Rumack, Darren) (Entered: 03/14/2016) |
| 04/15/2016 | 12 | Clerk's ENTRY OF DEFAULT It appearing from the docket maintained in this action that Defendant Zita Chen has failed to appear or otherwise defend this action, the default of Defendant Zita Chen is hereby noted pursuant to Rule 55a of the Federal Rules of Civil Procedure. (Hamilton, Janet) (Entered: 04/15/2016) |
| 04/15/2016 | 13 | Clerk's ENTRY OF DEFAULT It appearing from the docket maintained in this action that Defendant DNC Doors and Cabinets Inc. has failed to appear or otherwise defend this action, the default of Defendant DNC Doors and Cabinets Inc. is hereby noted pursuant to Rule 55a of the Federal Rules of Civil Procedure. (Hamilton, Janet) (Entered: 04/15/2016) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 05/10/2016 14:29:04 | | |
| PACER | kg2505:3853625:0 | Client Code: |

Case 1:16-cv-00480-KAM-PK   Document 14-2   Filed 05/10/16   Page 27 of 33 PageID #: 65

| Login: | | | |
|---|---|---|---|
| **Description:** | Docket Report | **Search Criteria:** | 1:16-cv-00480-KAM-PK |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# EXHIBIT E

## Ledger
### Leon (Jose)

| Date | Type | Category·Subject | Author | Hours | Amount | Billable | Reconciled |
|------|------|------------------|--------|-------|--------|----------|-----------|
| 5/10/2016 | Time | filed default motion with Court and finalized exhibits | DARREN | 1 | $400.00 | DARREN | ☐ |
| 5/10/2016 | Time | drafting memo of law for damages for default judgment | DARREN | 1.5 | $600.00 | DARREN | ☐ |
| 5/10/2016 | Time | finalized damages for default | XLEI | 0.5 | $150.00 | DARREN | ☐ |
| 4/29/2016 | Time | meeting with clmt to review affidavit for default | DARREN | 1 | $400.00 | DARREN | ☐ |
| 4/27/2016 | Time | Per DR called clmnt he said he is coing this Friday at 11:00 AM | ELIZABETH | 0.011 | $0.55 | DARREN | ☐ |
| 4/27/2016 | Time | clmt missed appointment yesterday--Liz to contact him | DARREN | 0.25 | $100.00 | DARREN | ☐ |
| 4/15/2016 | Time | drafting default judgment package and affidavits | DARREN | 1.5 | $600.00 | DARREN | ☐ |
| 4/15/2016 | Time | spoke to clerk's office re: default certificate signature | DARREN | 0.25 | $100.00 | DARREN | ☐ |
| 3/16/2016 | Time | explained status of case being in default and overall status | DARREN | 0.5 | $200.00 | DARREN | ☐ |
| 3/8/2016 | Time | filed cert of default with court | DARREN | 0.25 | $100.00 | DARREN | ☐ |
| 3/7/2016 | Time | preparing default certificate request for ECF | DARREN | 0.5 | $0.00 | DARREN | ☐ |
| 2/1/2016 | Time | S&C out for service | DARREN | 0.5 | $200.00 | DARREN | ☐ |
| 1/29/2016 | Time | revised and filed Complaint in EDNY | DARREN | 1.5 | $600.00 | DARREN | ☐ |
| 1/28/2016 | Time | met with clmt to review and  finalize complaint | DARREN | 1 | $400.00 | DARREN | ☐ |
| 1/27/2016 | Time | follow up to client to schedule appointment | DARREN | 0.25 | $12.50 | DARREN | ☐ |
| 1/26/2016 | Time | drafting Complaint for case | DARREN | 2 | $800.00 | DARREN | ☐ |
| 1/4/2016 | Time | drafting demand letter to Employer and review file | DARREN | 1 | $400.00 | DARREN | ☐ |
| | | | | 13.51 | $5,063.05 | | |

☑ (Type = Time)

**9286 - THE KLEIN LAW GROUP, P.C.**

Back to Client Services Home
Click here is view a printer friendly version of this Invoice.
**(Use your browser's "Back" button to return to Previous Page.)**

**UNITED ➡️ PROCESS SERVICE INC.**

---

*Important:* **This is not an official document and is for reference only.**

---

**(212) 619-0728**
**FAX: (212) 619-2288**

**UNITED PROCESS SERVICE, INC.**
**THIRD FLOOR**
**315 BROADWAY**
**NEW YORK, NY 10007-1121**

**E-Mail:** info@unitedprocess.com
**Web:** www.unitedprocess.com

THE KLEIN LAW GROUP, P.C.
11 BROADWAY
SUITE 960
NEW YORK, NY 10004

Client Code: 9286
Tel: 2123449022

Date Received:     03-Feb-16

**TAFFPHINA THOMPSON**

UNITED STATES DISTRICT COURT/EASTERN DISTRICT OF NEW YORK
COUNTY OF

Plaintiff:   JOSE ROLANDO LEON, INDIVIDUALLY AND ON BEHALF OF OTHERS
           SIMILARLY SITUATED
Defendant: ZITA CHEN, ETANO

| | |
|---|---|
| Index #: | 16-CV-480 KAM-PK |
| **Invoice #:** | |
| Date Purchased: | **642037** |
| 120 Day: | 01-Feb-16 |
| Copies: | 31-May-16 |
| | Yes |

## Recipients:

1) ZITA CHEN              SUMMONS AND COMPLAINT

Fees:    Basic Service Charge: $51.00
           Mailing Fees:   $2.00
           Total for Recipient 1): $53.00

2) DNC DOORS AND CABINETS INC.   SUMMONS AND COMPLAINT

Fees:    Basic Service Charge: $51.00
           Total for Recipient 2): $51.00

*Total For Invoice: $104.00*

## Location:

Business:
36-33 COLLEGE POINT BOULEVARD
FLUSHING, NY 11354

Remarks:SERVE BY 2/17/16

# EXHIBIT F

Darren P.B. Rumack (DR-2642)
THE KLEIN LAW GROUP
11 Broadway Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*

**EASTERN DISTRICT OF THE STATE OF NEW YORK**

-----------------------------------------------------------------------x

**JOSE ROLANDO LEON,** *Individually and on behalf of others*
*similarly situated,*

|  |  |
|---|---|
| **Plaintiff** | **Case No. 16-cv-480 (KAM)(PK)** |
| **v.** | **DEFAULT JUDGMENT** |

**ZITA CHEN, Individually**
**and DNC DOORS & CABINETS INC.**

**Defendants.**
-----------------------------------------------------------------------x

This action having commenced on January 29, 2016 by the filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been personally served on

Defendants Zita Chen and DNC Doors and Cabinets Inc. (collectively "Defendants") via Suki

Zhang, a co-worker of Defendant Zita Chen, and a general-agent of DNC Doors and Cabinets

Inc., and proof of service having been filed with the Court on February 16, 2016 and March 14,

2016 respectively, and Defendants not having answered the Complaint and the time for

answering the Complaint having expired, it is

ORDERED, ADJUDGED AND DECREED: That the Plaintiffs have judgment against

Defendants on all causes of action, including compensatory damages in the amount of

$17,160.00 and liquidated damages under the Fair Labor Standards Act and New York Labor

Law in an amount of no less than $35,340.00 on all causes of action, damages for $5000.00 for

failure to issue proper wage statements under the NYLL, plus attorney's fees and disbursements

in the sum of $5567.05, and post-judgment interest as provided by law and any other relief the

Court may deem appropriate and the Plaintiffs have execution thereof.

Dated: New York, New York
_____ \_\_, 2016

By:   _____
      Hon.  Kiyo A. Matsumoto