UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x
JOSE ROLANDO LEON, *Individually and on
behalf of others similarly situated,*

        Plaintiff,

        -against-

ZITA CHEN, *Individually and*
DNC DOORS & CABINETS INC.


        Defendants.
---------------------------------------x

**MEMORANDUM AND ORDER**

16-CV-480(KAM)(PK)

**MATSUMOTO, United States District Judge:**

        Plaintiff Jose Rolando Leon brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.* and the New York State Labor Law ("NYLL") § 190 *et seq.* Plaintiff seeks unpaid wage and overtime pay, FLSA liquidated damages, NYLL liquidated damages, damages for failure to provide written notice of rate of pay, attorneys' fees and costs, and post-judgment interest. Defendants failed to appear or otherwise defend this action. After the Clerk of the Court entered default against defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, plaintiff filed the instant motion for entry of default judgment. For the reasons stated herein, plaintiff's motion for entry of a default judgment is granted pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiff is

awarded **$33,320.00** in damages and **$4,728.50** in attorneys' fees and **$504.00** in costs, plus post judgment interest as prescribed in 28 U.S.C. § 1961.[1]

**BACKGROUND**

Plaintiff Jose Rolando Leon ("plaintiff") brought this action against Zita Chen ("Chen") and against DNC Doors & Cabinets Inc. ("DNC") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.*, and the New York State Labor Law ("NYLL") § 190 *et seq.*, by filing a complaint on January 29, 2016. (Complaint ("Compl."), ECF No. 1.)

Plaintiff alleges that he worked for defendant DNC from approximately December 2013 to December 16, 2015, as a factory worker. (Compl., ECF No. 1 at ¶ 3; Declaration of Jose Rolando Leon ("Leon Decl."), ECF No. 14-3 at ¶ 3.) DNC is a New York Corporation located in Flushing, New York with annual gross sales in excess of $500,000.00. (Compl., ECF No. 1 at ¶¶ 6-7.) At all relevant times, DNC was an employer engaged in commerce and/or in the production of goods. (*Id.* at ¶ 8.) Plaintiff also alleges that Chen is an owner and operator of DNC, and therefore, an

---

[1] Although plaintiff purports to bring this action on behalf of himself and others similarly situated, the Complaint contained no class allegations. Therefore, the court grants judgment in favor of plaintiff only in his individual capacity.

employer. (*Id.* at ¶ 10.) Chen is responsible for the day-to-day operations of DNC, including hiring, terminating, supervising, setting schedules, and pay rates for employees. (*Id.*)

Plaintiff alleges that Chen hired him to work for DNC, and fired him from DNC. (Leon Decl., ECF 14-3 at ¶¶ 7-8.) During 2013 and 2014, plaintiff's primary job responsibilities were delivering and installing DNC's products to its customers in New York, New Jersey and Connecticut. (Compl., ECF No. 1 at ¶¶ 21-22.) During 2015, plaintiff primarily worked in the factory, where he sanded marble, and prepared marble for installation. (*Id.* at ¶ 23.) Plaintiff frequently worked six days per week for defendants, between the hours of 8 a.m. to 6 p.m. (Leon Decl., ECF No. 14-3 at ¶¶ 10-11.) Plaintiff alleges that he was not required to sign in or out, when he arrived or left work. Nor was he otherwise required to record the time he spent at work. (Compl., ECF No. 1 at ¶ 26.) Plaintiff was paid $120.00 per day in cash, regardless of the hours he worked. (*Id.* at ¶ 29.) Plaintiff alleges that Chen terminated his employment with DNC, and that the last day he was employed by defendants was December 16, 2015. (Leon Decl., ECF No. 14-3 at ¶¶ 3, 7.) Plaintiff further alleges that defendants did not pay him for his last two weeks of work, from December 2, 2015 to December 16, 2015. (Compl., ECF No. 1

at ¶ 30.)

Plaintiff filed the Complaint on January 29, 2016. (Compl., ECF No. 1.) Plaintiff alleges that: 1) Defendants failed to pay him minimum wage pursuant to FLSA and NYLL; 2) Defendants failed to pay him overtime pay pursuant to FLSA and NYLL; 3) Defendants failed to pay him spread-of-hours pay pursuant to New York State labor regulations, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.4; and 4) Defendants failed to provide him with a written notice of rate of pay pursuant to NYLL. (Compl., ECF No. 1 at ¶¶ 36-62.)

On February 8, 2016, the summons and complaint were served on Suki Zhang, who self-identified as the co-worker of Chen, and as the general agent of DNC. (Ex. C, ECF No. 14-2 at 22-23.) Neither Chen nor DNC appeared or has otherwise defended this action. (Ex. D, ECF No. 14-2 at 26.) On April 15, 2016, the Clerk of the Court filed the Clerk's Certificate of Default against Chen and DNC pursuant to Fed. R. Civ. P. 55(a). (*Id.*; ECF No. 13.)

On May 10, 2016, plaintiff filed this motion for entry of a default judgment against Chen and DNC pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 14.) Plaintiff seeks the following relief: 1) unpaid wage and overtime pay in the amount of $17,670; 2) FLSA liquidated damages in the amount of $17,670; 3) NYLL

4

liquidated damages in the amount of $17,670; and 4) damages in the amount of $5,000 for failure to provide written notice of rate of pay. (Ex. A, ECF No. 14-3 at 6.)  Additionally, plaintiff seeks $5,063.05 in attorneys' fees at an hourly rate of $400.00 (Ex. E, ECF No. 14-2 at 29), $400.00 in filing fees (Ex. D, ECF No. 14-2 at 25), and $104 in costs.  (Ex. E, ECF No. 14-2 at 30.)  Plaintiff also seeks post-judgment interest as provided by law.  (Memo. of Law, ECF No. 14-1 at 6.)

## DISCUSSION

### I.  Legal Standard

To obtain a default judgment under Rule 55 of the Federal Rules of Civil Procedure, a movant must complete a two-step process. *Rodriguez v. Almighty Cleaning, Inc.,* 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011); *La Barbera v. Fed. Metal & Glass Corp.,* 666 F. Supp. 2d 341, 346–47 (E.D.N.Y. 2009).  First, the Clerk of the Court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a); *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993).  Second, after the Clerk of the Court has entered default pursuant to Rule 55(a), the movant "may then make an application for entry of default judgment

5

pursuant to Fed. R. Civ. P. 55(b)." *Rodriguez*, 784 F. Supp. 2d at 123. If the defendant fails to appear, or move to set aside the default under Rule 55(c), the court may enter a default judgment. Fed. R. Civ. P. 55(b)(2).

On a motion for entry of a default judgment, the court "deems all the well-pleaded allegations in the pleadings to be admitted." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997); *see also Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 119 (E.D.N.Y. 2013). The Second Circuit has an "oft-stated preference for resolving disputes on the merits," making default judgments "generally disfavored." *Enron*, 10 F.3d at 95-96. "Accordingly, just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Mktg. Devs., Ltd. v. Genesis Imp. & Exp., Inc.*, No. 08-CV-3168 (CBA)(CLP), 2009 WL 4929419, at *2 (E.D.N.Y. Dec. 21, 2009) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). Regardless of the assumption of truth of the complaint when a party is in default, the court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010)(citing *Au Bon Pain Corp. v.*

6

*Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

An employee seeking to recover unpaid wages "has the burden of proving that he performed work for which he was not properly compensated." *Jiao v. Chen*, No. 03-CV-165 (DF), 2007 WL 4944767, at *2 (S.D.N.Y. Mar. 30, 2007) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). An employer is required by federal and state law to maintain "records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." 29 U.S.C. § 211(c); *see also* 12 NYCRR § 142-2.6(a) ("[e]very employer shall establish, maintain and preserve for not less than six years, weekly payroll records"). In the case of a default judgment, the "defaulting defendant deprive[s] the plaintiff of the necessary employee records required by the FLSA, thus hampering [the] plaintiff's ability to prove his damages" and, consequently, "a plaintiff may meet his burden of proof by relying on recollection alone to establish that he performed work for which he was improperly compensated." *Kernes v. Global Structures, LLC*, No. 15-CV-659 (CM) (DF), 2016 WL 880199, at *6 (S.D.N.Y. Mar. 1, 2016) (internal citations and quotation marks omitted) (alteration in original); *Maldonado v. La Nueva Rampa, Inc.*, No. 10-CV-8195 (LLS) (JLC), 2012 WL 1669341, at *3 (S.D.N.Y. May 14, 2012), *R&R adopted*

*by, Order* dated Aug. 9, 2012 (Dkt. No. 20).

"[A] district court retains discretion [on a motion for entry of a default] . . . to require proof of necessary facts [,] and need not agree that the alleged facts constitute a valid cause of action." *Finkel v. Romanowicz,* 577 F.3d 79, 84 (2d Cir. 2009). If the unchallenged facts establish defendant's liability, the court then determines the amount of damages due. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic*, 109 F.3d at 111) (citation omitted). An inquest on damages by affidavit, without an in-person hearing, may be conducted as long as the court can ensure "a basis for the damages specified in the default judgment." *Transatlantic*, 109 F.3d at 111; *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234(JGK)(JLC), 2016 WL 4704917, at *5 (S.D.N.Y. Sept. 8, 2016), *R&R adopted sub nom.*, 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016) ("An affidavit that sets forth the number of hours worked and pay received is sufficient" to carry the employee's burden of proving that he was not compensated for the work performed.) (citation omitted).

## II.  Service of Process

Defendants were properly served.  Fed. R. Civ. P. 4(e)(1) provides that service may be effected in accordance with

the service rules of the state where the district is located or service is made. "An affidavit of service is *prima facie* proof of effective service." *Gore v. RBA Group, Inc.*, No. 03-CV-9442, 2009 WL 884565, at *4 (S.D.N.Y. March 27, 2009); *Fifth Third Bank v. Mytelka*, No. 05-MC-52, 2008 WL 3852170, at *2 (E.D.N.Y. Aug. 16, 2008). New York Civil Practice and Law Rules ("CPLR") § 311(a)(1) state that "personal service upon 'any domestic [] corporation' may be made upon 'an officer, director, managing or general agent . . . or to any other agent authorized by appointment or by law to receive service.'" *CIT Bank v. Dambra*, No. 14-CV-3951 (SLT) (VMS), 2015 WL 7422348, at *3 (E.D.N.Y. Sept. 25, 2015), *R&R adopted by CIT Bank, N.A. v. Dambra*, No. 14-CV-3951 (SLT) (VMS), 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015) (citing CPLR § 311(a)(1)). Here, plaintiff submitted an affidavit of service stating that a copy of the summons and complaint was served on Suki Zhang personally, who is the general agent of DNC. (Affidavit of Service, Ex. C, ECF No. 14-2 at 23.) Accordingly, service on the corporate defendant DNC was in accordance with CPLR § 311(a)(1).

Defendant Chen was also properly served. CPLR § 308(2) allows for service of process on an individual "by delivering the summons within the state to a person of suitable age and discretion

at the actual place of business, dwelling place or usual place of abode of the person to be served," and "by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business," where the delivery and mailing is effected "within twenty days of each other." *Id*. Here, plaintiff submitted an affidavit of service stating that a copy of the summons and complaint was served on Suki Zhang, who self-identified as Ms. Chen's co-worker, at Chen's place of business. (Ex. C, ECF No. 14-2 at 22.) Suki Zhang was described as being "of suitable age and discretion." *Id.* A copy of the summons and complaint was sent by regular first class mail to Ms. Chen at her place of business on February 11, 2016. *Id.* Accordingly, service on Ms. Chen was in accordance with CPLR § 308(2).

## III.  Statute of Limitations

Plaintiff brings six claims pursuant to both state and federal wage laws. "The statute of limitations for an FLSA claim is two years, unless the violation is 'willful,' in which case it is three years." *Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 366 (2d Cir. 2011) (citing 29 U.S.C. § 255(a)). When a defendant defaults, courts consider the violation "willful" and apply the

three-year statute of limitations. *Blue v. Finest Guard Servs., Inc.*, No. 09 CV 133, 2010 WL 2927398, at *11 (E.D.N.Y. June 24, 2010). The statute of limitations starts to run when the employee begins to work for the employer. *See Wicaksono v. XYZ 48 Corp.*, No. 10 CIV. 3635 LAK JCF, 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011), *R&R adopted by* 2011 WL 2038973 (S.D.N.Y. May 24, 2011). The statute of limitations under NYLL is six years. *Id.* (citing NYLL § 663(3) and *Lanzetta v. Florio's Enters., Inc.*, 763 F. Supp. 2d 615, 622 (S.D.N.Y. 2011)).

Here, defendants defaulted and, therefore, the three-year FLSA statute of limitations applies. Plaintiff began working with defendants in December 2013 and filed his complaint on January 29, 2016. As such, both plaintiff's FLSA and NYLL claims are timely.

## IV. Defendants are Covered by the FLSA and the NYLL

To qualify for FLSA protection, a plaintiff must establish either enterprise or individual coverage under the statute. *See Gomez v. El Rancho de Andres Carne de Tres Inc.*, No. 12-CV-1264 (CBA) (MDG), 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014). The FLSA specifically applies only to employees: (1) who are personally engaged in interstate commerce or in the production of goods for interstate commerce or (2) who are employed by an

11

enterprise engaged in interstate commerce or in the production of goods for interstate commerce. *See* 29 U.S.C. § 206(a), (b). An employee engages in commerce by "performing work involving or related to the movement of persons or things." 29 C.F.R. § 779.103.

Plaintiff alleges that he worked in defendants' factory and also installed and delivered products to defendants' customers in New York, New Jersey and Connecticut. (Compl., ECF 1 at ¶21.) Accordingly, plaintiff has established that he was engaged in commerce. *See Herrera v. Tri-State Kitchen & Bath, Inc.*, No.14-CV-1695 (ARR) (MDG), 2015 WL 1529653, at *3 (E.D.N.Y. Mar. 31, 2015) (concluding that plaintiffs who regularly worked in New York and New Jersey established individual coverage under the FLSA); *Bowrin v. Catholic Guardian Soc'y*, 417 F. Supp. 2d 449, 468-71 (S.D.N.Y. 2006) (concluding that plaintiffs who regularly traveled across state lines in connection with their employment could establish individual coverage).

Plaintiff also establishes enterprise coverage under the FLSA. An "enterprise" is an entity engaged in interstate commerce that has no less than $500,000 in annual gross volume of sales. *See* 29 U.S.C. § 203(s). An enterprise is "engaged in commerce" where it "has employees engaged in [interstate] commerce or in the

12

production of goods for [interstate commerce], or that has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for [interstate commerce]." 29 U.S.C. § 203(s)(1)(A). DNC, the corporate defendant, is a cabinet manufacturing company offering its goods and services, at least to customers in New York, New Jersey and Connecticut. It has gross annual sales exceeding $500,000.000. Accordingly, it is an enterprise engaged in interstate commerce and is covered under the FLSA. *See Boutros v. JTC Painting & Decorating Corp.*, 989 F. Supp. 2d 281, 284-85 (S.D.N.Y. 2013) (holding that an allegation that the corporate defendant services the "New York Tri-State area" supports finding that enterprise coverage applies).

"The NYLL is the state analogue to the federal FLSA. Although the NYLL does not require a plaintiff to show either a nexus with interstate commerce or that the employer has any minimum amount of sales, it otherwise mirrors the FLSA in most aspects." *Herrera*, 2015 WL 1529653, at *4 (citing *Chun Jie Yun v. Kim*, 2008 WL 906736, at *4 (E.D.N.Y. Apr. 1, 2008)). Accordingly, because plaintiff has alleged sufficient facts establishing that he and defendants are covered by the FLSA, they are also covered by the NYLL. *See Herrera*, 2015 WL 1529653, at *3-*4.

## V. Defendants are Employers Under the FLSA and the NYLL

The FLSA broadly defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Plaintiff has alleged that he worked for DNC in its factory, and delivered and installed DNC's products to its customers in New York, New Jersey and in Connecticut. Therefore, plaintiff has established that DNC is an employer under the FLSA and the NYLL. *See Herrera*, 2015 WL 1529653, at *3-*4.

The court next considers individual defendant Chen's liability under the FLSA and the NYLL. In *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984), the Second Circuit outlined a multi-factor test to determine the "economic reality" of an "employment relationship" between an individual defendant and an FLSA-plaintiff. *See id* at 12; *see also Irizarry v. Catsimatidis*, 722 F.3d 99, 103-05 (2d Cir. 2013) (describing the *Carter* factors in determining an individual defendant's liability for an FLSA violation). The factors relevant to this assessment include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment' and (4) maintained employment records." *See*

*Irizarry*, 722 F.3d at 103-05 (quoting *Carter*, 735 F.2d at 12).

"No one of these factors is dispositive, nor [are] they, as a whole, exclusive." *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 142-43 (2d Cir. 2008) (describing the employer-employee relationship analysis where distinguishing between independent contractors and employees) (quoting *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988) (internal quotation marks omitted)). The Second Circuit has emphasized that this analysis must be determined on "a case-by-case basis" and "by review of the totality of the circumstances." *Barfield*, 537 F.3d at 141-42 (citing *Carter*, 735 F.2d at 12 n.1).

Here, plaintiff alleges that defendant Chen is the owner and operator of defendant DNC, and that Chen exercised control over DNC's day-to-day operations which included hiring, firing, supervising, and setting the schedule and rates of pay for employees. (Compl., ECF No. 1 at ¶¶ 9-10.) These allegations satisfy three of the *Carter* factors. The fourth factor, regarding employment records, is not met, however, because plaintiff alleges that defendant did not keep employment records. (*Id.* at ¶¶ 26, 33.) That no employment records were presented does not undermine the "economic reality" that Chen "controlled all tasks related to [p]laintiff's employment." *Mahoney v. Amekk Corp.*, No. 14-CV-4131

15

(ENV)(VMS), 2016 WL 6585810, at *8 (E.D.N.Y. Sept. 30, 2016), *R&R adopted by* 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016) (citing *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 140 (2d Cir. 1999) ("But that this fourth factor is not met is not dispositive.")). As three of the four *Carter* factors are satisfied, Chen is properly considered plaintiff's employer and should be held individually liable for any FLSA violations. *See Ling Nan Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71 (2d Cir. 2003) ("[The individual defendant] jointly employed the company's employees where the [the individual defendant] exercised three of the four employer prerogatives identified in *Carter*."); *Mahoney*, 2016 WL 6585810, at *9, *R&R adopted by* 2016 WL 6601445 (same).

"Courts have interpreted the definition of 'employer' under the [NYLL] coextensively with the definition used by the FLSA." *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 308 n.21 (S.D.N.Y. 2011) (citation omitted). Accordingly, because the court finds that Chen was plaintiff's employer under the FLSA, the court also finds that she was plaintiff's employer for the purposes of NYLL liability. *See Mahoney*, 2016 WL 6585810, at *9; *Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 342 n.25 (S.D.N.Y. 2005) ("The economic reality test will be used to determine whether [the individual defendant] is [the plaintiff's] employer as

16

defined under both state and federal law, as there is general support for giving [the] FLSA and the [NYLL] consistent interpretations.") (internal quotation marks and citation omitted).

## VI.  Defendants are Jointly and Severally Liable

The court finds that DNC, the corporate defendant, and Chen, the individual defendant, were jointly plaintiff's employers.  Accordingly, each defendant is jointly and severally liable under the FLSA and the NYLL for the damages awarded herein. *See Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 685-86 (S.D.N.Y. 2011) (finding allegations that an individual defendant "was an owner, partner, or manager," of plaintiffs' enterprise employer coupled with his default, was sufficient to qualify him as an FLSA and a NYLL employer, and to impose joint and several liability with the corporate defendant for wage law violations); *see also Rodriguez*, 784 F. Supp. 2d at 129 ("Courts in this circuit have held that the same analysis applies when determining whether defendants are jointly liable as employers under the FLSA and the NYLL.") (collecting cases).

## VII.  Liability

      A. Defendants Paid Plaintiff the Statutory Minimum Wage Under the FLSA and NYLL

Both state and federal law mandate that employees be paid at least a minimum hourly rate for every hour that they work. *Wicaksono*, 2011 WL 2022644, at *3 (citing 29 U.S.C. § 206(a) and 12 NYCRR § 142-2.1). Plaintiff in his affidavit reported that he usually worked 10 hours per day and he received $120.00 per day. (Leon Decl., ECF No. 14-3 at ¶¶ 11-12.) Thus, he made on average $12.00 per hour, which was more than the state and federal minimum wages during that period. *See* NYLL § 652(1) (state minimum wage was $7.15 per hour on and after January 1, 2007, $8.00 per hour on and after December 31, 2013, and $8.75 per hour on and after December 31, 2014); 29 U.S.C. § 206(a)(1) (federal minimum wage was $7.25 per hour after July 24, 2009). Accordingly, defendants are not liable for minimum-wage violations under the FLSA or the NYLL.

### B. Defendants are Liable for Failing to Pay Plaintiff his Wages as Required by the FLSA and the NYLL

Plaintiff alleges that he was not compensated for his last two weeks of work. (Compl., ECF No. 1 at ¶ 30; Leon Decl., ECF No. 14-3 at ¶ 13.) "Pursuant to section 191(a) of the NYLL, manual workers like plaintiffs must 'be paid weekly and not later than seven calendar days after the week in which the wages are earned.'" *Chen v. JP Standard Constr. Corp.*, No. 14-CV-1086 (MKB)

18

(RLM), 2016 WL 2909966, at *8 (E.D.N.Y. Mar. 18, 2016) (quoting NYLL § 191(a)(i)), *R&R adopted by* 2016 WL 2758272 (E.D.N.Y. May 12, 2016). Both federal and New York State law require employers to "make, keep, and preserve" records of employee wages, hours and employment conditions. *See* 29 U.S.C. § 211(c); 12 NYCRR § 142-2.6; *Pineda*, 831 F. Supp. 2d at 674 (citing the federal and state statutes). If an employer fails to produce these records, the plaintiff may satisfy his or her burden of proving hours worked by relying solely on his or her recollection. *See Daniels v. 1710 Realty LLC*, 497 Fed. Appx. 137, 139 (2d Cir. 2012) (citing *Kuebel*, 643 F.3d at 362); *Choudry v. Durrani*, No. 14-CV-4562 (SIL), 2016 WL 6651319, at *9 (E.D.N.Y. Nov. 10, 2016) (citing *Santillan v. Henao*, 822 F. Supp. 2d 284, 293-94 (E.D.N.Y. 2011)). Where, as here, a defendant employer defaults, a plaintiff's recollection and estimates of hours worked are presumed to be correct. *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 87-88 (2d Cir. 2003); *Pavia v. Around the Clock Grocery, Inc.*, No. 03-CV-6465 (ERK), 2005 WL 4655383, at *5 (E.D.N.Y. Nov. 15, 2005) (finding a plaintiff's testimony to be sufficient to establish unpaid wages). Nonetheless, a plaintiff's approximations and estimates must be reasonable and appropriate. *See Jemine v. Dennis*, 901 F. Supp. 2d 365, 376-79 (E.D.N.Y. 2012).

Plaintiff alleges that he was not compensated for his last two weeks of work in December 2015. As more than seven days have passed since plaintiff earned these wages, they are recoverable under the NYLL. Accordingly, defendants are liable for failing to pay plaintiff his wages for his last two weeks of work. *See Luna v. Gon Way Constr., Inc.*, No. 16-CV-1411 (ARR) (VMS), 2017 WL 835321, at *10 (E.D.N.Y. Feb. 14, 2017), *R&R adopted by* 2017 WL 835174 (E.D.N.Y. Mar. 2, 2017) (finding defendants liable for failing to pay plaintiffs their wages after more than seven days passed since plaintiffs earned their wages); *Herrera*, 2015 WL 1529653, at *6 (finding defendants liable for unpaid wages based on plaintiff's allegations).

   C. Defendants are Liable for Failing to Pay Plaintiff his
      Overtime Premium as Required by the FLSA and the NYLL

Both federal and state law require that employers pay employees one and one-half times their "regular rate" for any hours worked in excess of forty hours in a given week. 29 U.S.C. § 207(a); 12 NYCRR § 142-2.2; *see also Luna*, 2017 WL 835321, at *10; *Kolesnikow v. Hudson Valley Hospital Center,* 622 F. Supp. 2d 98, 118-20 (S.D.N.Y. 2009). "[A] plaintiff must provide 'sufficient detail about the length and frequency' of unpaid work in order to support 'a reasonable inference'" that he or she "'worked more

than forty hours in a given week.'" *Luna*, 2017 WL 835321, at *11 (citing *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200-01 (2d Cir. 2013)). To state a plausible FLSA overtime claim, plaintiff must provide some factual context supporting his claim that he was uncompensated for time worked in excess of forty hours. *See Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). A plaintiff, however, does not need to actually estimate the number of hours he worked in "'some or all workweeks.'" *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013) (quoting *Lundy*, 711 F.3d at 90). The same standard applies to stating an overtime claim under the NYLL. *See Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 351 (E.D.N.Y. 2014) ("[T]he NYLL adopts th[e] same standard . . . [as the] FLSA definition of overtime into the [NYLL]." (quoting *Nakahata*, 723 F.3d at 200)).

Plaintiff alleges that he was not paid an overtime premium for the entirety of his employment in violation of the FLSA and the NYLL. Plaintiff reports that he regularly worked sixty hours per week over the course of six days while employed by defendants. (Leon Decl., ECF No. 14-3 at ¶¶ 10-11.) Accordingly, the court finds that defendants are liable under the FLSA and the NYLL for not paying plaintiff his overtime premium.

*See Luna*, 2017 WL 835321, at *11 (finding that defendants were liable for not paying plaintiffs an overtime premium pursuant to the FLSA and the NYLL where plaintiffs alleged that they "regularly worked 55 hours per week throughout the course of their employment"); *Tackie v. Keff Enters. LLC*, No. 14-CV-2074 (JPO), 2014 WL 4626229, at *3 (S.D.N.Y. Sept. 16, 2014) (finding under the FLSA and the NYLL that plaintiff adequately alleged an overtime claim where "she worked a fairly regular schedule of forty hours per week, and she occasionally worked more than forty hours per week").

> D. Defendants are Not Liable for Failing to Pay Plaintiff
>    Spread-of-Hours Compensation Under the NYLL

Plaintiff alleges that defendants did not pay him "spread-of-hours" as required under New York Law. (Compl. ECF No. 1 at ¶¶ 54-57.) Certain employees are entitled under New York law to a "spread-of-hours" premium for each workday worked in excess of ten hours. *See* 12 NYCRR § 142-2.4; NYLL § 650 *et seq.* Specifically, for any workday that lasts longer than ten hours, employees are entitled to receive "one [additional] hour's pay at the basic minimum hourly rate." 12 NYCRR § 142-2.4(a). Courts, however, have given deference to the New York State Department of Labor's interpretation that spread-of-hours does not apply to an

employee whose workday is in excess of ten hours if his or her total daily compensation exceeds the New York State minimum wage multiplied by the number of hours he or she worked plus one additional hour at the minimum wage. *See Rui Xiang Huang v. J & A Entm't, Inc*., No. 09-CV-5587 (ARR) (VVP), 2012 WL 6863918, at *8 (E.D.N.Y. Dec. 3, 2012) (noting that "[t]he majority of district courts in this circuit are in accord with the New York Department of Labor's position that those earning more than the minimum wage are not entitled to spread-of-hours pay"), *R&R adopted by* 2013 WL 173738 (E.D.N.Y. Jan. 16, 2013); *Ellis v. Common Wealth Worldwide Chauffeured Transp. of N.Y., LLC*, No. 10-CV-1741 (DLI) (JO), 2012 WL 1004848, at *7-8 (E.D.N.Y. March 23, 2012) (citing cases).

Plaintiff has not established that he worked more than ten hours per day while employed by defendants. In his affidavit, he said he usually worked from 8:00 a.m. until 6:00 p.m. each workday, for a total of ten hours. (Leon Decl., ECF No. 14-3 at ¶ 11.) Furthermore, plaintiff received on average $12.00 per hour; therefore, he is not entitled to spread-of-hours pay under the NYLL. Accordingly, defendants are not liable for any spread-of-hours violations under the NYLL.

E. Defendants are Liable for Wage Notice and Statement Violations

23

Plaintiff seeks to recover damages for defendants' alleged failure to provide defendant with written notice of his pay rate pursuant to NYLL § 195 and § 198. (Compl., ECF No. 1 at ¶ 33.) The NYLL requires that employers maintain records for their employees who fall under the NYLL's wage protections. *See* NYLL § 195 and § 661; 12 NYCRR § 142-2.6 (specifying content of employer's records). New York law also requires that employees be furnished with written notice with rate or rates of pay and basis for payment, allowances, if any, the regular pay day, employer's name and contact information. *See* NYLL § 195(1)(a) and § 195(3).

Plaintiff alleges that he was never provided with a written notice of his rate of pay and that defendants failed to keep and preserve accurate payroll records. (Compl., ECF No. 1 at 26, 33, 59-60.) Accepting these allegations as true, the court finds that plaintiff is entitled to recover damages for defendants' violations of § 195(1)(a) and § 195(3). It is undisputed that plaintiff did not receive written notice of wage information when he was hired. Nor did he receive his rate or manner of pay during his employment. *See Herrera*, 2015 WL 1529653, at *6 (E.D.N.Y. Mar. 31, 2015) (finding defendants liable under NYLL § 195(1)(a) and § 195(3) where plaintiffs "did not receive written notice of

wage information when they were hired" and they "did not receive written notice . . . with every payment of wages").

## VIII. Damages

### A. Defendants' Failure to Pay Wages

Defendants are liable to plaintiff for unpaid wages for plaintiff's last two weeks of work. *See Chen*, 2016 WL 2909966, at *8 (citing NYLL § 191(a)(i)). Plaintiff alleged that he regularly worked ten hours per week for six days per week, and he received $120.00 per day in cash. Accordingly, defendants are liable to plaintiff for unpaid wages in the amount of $1,440.00. The overtime premium for these two weeks of work is calculated separately below.

### B. Overtime Compensation

Defendants are liable for failing to pay plaintiff his overtime premium. Plaintiff alleges that he usually worked ten hours per day, for six days per week between December 2013 and December 16, 2015. (Leon Decl., ECF No. 14-3 at ¶¶ 3, 11.) Plaintiff was paid $120.00 per day, for an average $12.00 per hour. Thus, plaintiff is entitled to a $6.00 premium above his $12.00 average rate of pay for every hour above forty he worked each week. *See* 29 U.S.C. § 207(a); NYLL § 198(1-a); 12 NYCRR § 142-2.2. Plaintiff worked twenty hours in excess of forty hours in a given

week during his employment with defendants, for a total of 106 weeks. Plaintiff is owed an additional $6.00 per hour for each of the 2,120 hours of overtime he worked. Accordingly, defendants are liable for a total of $12,720 in unpaid overtime compensation.

### C. Wage Notice and Statement Violations

Plaintiff worked for defendants between December 2013 and December 16, 2015, a total of 106 weeks. Plaintiff alleges that he did not receive written notice of his pay and defendants failed to keep proper payroll records. (Compl., ECF No. 1 at 26, 33, 59-60.) Plaintiff worked more than fifty weeks for defendants, and therefore, he is entitled to the statutory maximum of $2,500 for violations of § 195(1)(a) and $2,500 for violations of § 195(3). Accordingly, defendants are liable in the amount of $5,000 for violations of NYLL § 195(1)(a) and § 195(3). *See Herrera*, 2015 WL 1529653, at *11 (awarding the statutory maximums under NYLL § 195(1)(a) and § 195(3) where plaintiff was employed for more than fifty hours).

### D. Liquidated Damages

Under the FLSA, a district court is "generally required" to award a plaintiff liquidated damages equal in amount to the unpaid minimum and/or overtime wages. *Barfield*, 537 F.3d at 150 (quoting 29 U.S.C. § 216(b)); 29 U.S.C. § 216(b) ("Any employer

who violates [the unpaid wage or overtime provisions of the FLSA] shall be liable . . . in the amount of [the] unpaid minimum wages, or [the] unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."). The NYLL mirrors the FLSA and similarly permits employees to recover "an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due . . . unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." NYLL § 198(1-a); *see also* NYLL § 663(1); *Chenensky v. N.Y. Life Ins. Co.*, No. 07-CV-11504 (WHP), 2012 WL 234374, at *2 (S.D.N.Y. Jan. 10, 2012); *Easterly v. Tri-Star Transp. Corp.*, No. 11-CV-6365 (VB) (PED), 2015 WL 337565, at *7-*8 (S.D.N.Y. Jan. 23, 2015). "Thus, both the FSLA and NYLL: (1) provide for liquidated damages equal to 100% of the total unpaid compensation found due; and (2) place the burden of avoiding liability on the defendant." *Luna*, 2017 WL 835321, at *14.

Courts in the Second Circuit were split, until recently, as to whether plaintiffs could recover liquidated damages under the FLSA and the NYLL for the same violations. The Second Circuit held in *Chowdhury v. Hamza Express Food Corp.*, 666 Fed. App'x. 59, 61 (2d Cir. 2016) (summary disposition), that "whatever reasons existed to award liquidated damages under the relevant provisions

of both the FLSA and the NYLL before 2010, . . . the subsequent amendments to the NYLL . . . hav[e] eliminated those reasons." The November 2009 and April 2011 amendments to the NYLL were amended to conform the NYLL, as closely as possible, to the FLSA. *Id.* (citing 2009 N.Y. Sess. Laws ch. 372 (McKinney), amending NYLL §§ 198(1-a), 663(1); 2010 N.Y. Sess. Laws ch. 564 (McKinney), amending NYLL §§ 198(1-a), 663(1)). Thus, double recovery of liquidated damages under the FLSA and the NYLL for the same violations have been disapproved by the Second Circuit. Accordingly, the court will follow the guidance[2] of the appellate court and not grant liquidated damages under both the FLSA and the NYLL. *Id.; see also Mahoney*, 2016 WL 6585810, at *14-15 (declining to award liquidated damages under both statutes because allowing for "double recover[y]" of liquidated damages under the FLSA and NYLL effectively creates a "judge-created treble damages" remedy that neither the state nor the federal legislatures intended).

---

[2] *Chowdhury* is a non-precedential panel opinion, but its reasoning and holdings are persuasive. *See Koehler v. Metro. Transp. Auth.*, --- F. Supp. 3d ----, ----, 2016 WL 6068810, at *3 (E.D.N.Y. 2016); *United States v. Tejeda*, 824 F. Supp. 2d 473, 475 (S.D.N.Y. 2010) (holding that a district court is ill-advised "to flout germane guidance of a Circuit Court panel and to substitute its own conclusion[s] of law"); *Mendez v. Starwood Hotels & Resorts Worldwide, Inc.*, 746 F. Supp. 2d 575, 595 (S.D.N.Y. 2010) ("[A] summary order has no precedential effect on any court, although it has to be deemed some indication of how the Court of Appeals might rule were it to decide the issue in a binding opinion."); *cf. United States v. Payne*, 591 F.3d 46, 58 (2d Cir. 2010) ("Denying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases.") (quotation marks and citation omitted).

Courts should award damages under the statute that provides for the greater recovery. *Luna*, 2017 WL 835321, at *14 (citing *Castillo v. RV Transp., Inc.*, No. 15-CV-527 (LGS), 2016 WL 1417848, at *3 (S.D.N.Y. April 11, 2016)).

Here, defendants have not answered or otherwise appeared in this action, much less demonstrated a "good faith" basis for believing the "underpayment" of wages was lawful, as both the FLSA and the NYLL require to prevent the imposition of liquidated damages. *See Herrera*, 2015 WL 1529653, at *12 (citing *Blue*, 2010 WL 2927398, at *11 (finding that a defendant's default may suffice to support a claim for liquidated damages) and *Dong v. CCW Fashion Inc.*, Nos. 06-CV-4973(LAP)(DFE), 07-CV-9741(LAP)(DFE), 2009 WL 884680, at *4–5 (S.D.N.Y. Feb. 19, 2009)). Further, plaintiff has alleged that defendants' FLSA and NYLL violations were willful. (*See* Compl., ECF No. 1 at ¶ 18.) Accordingly, the court awards $14,160, ($1,440 in unpaid wages and $12,720 in overtime wages) for liquidated damages under the FLSA.

## IX. Post-Judgment Interest Under the FLSA

Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961. (Memo. of Law, ECF No. 14-1 at 6.) Section 1961(a) states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a).

29

Furthermore, "interest shall be calculated from the date of the entry of the judgment at [the federal] rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment." 28 U.S.C. § 196(a). The Second Circuit has held that an award of post-judgment interest is "mandatory" and should be awarded at the statutory rate prescribed by 28 U.S.C. § 1961. *Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (citing *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004)). As such, post-judgment interest shall accrue at the federal statutory rate until the judgment is paid in full paid. 28 U.S.C. § 1961.

## X. Attorneys' Fees

The standard method for determining reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," or a "presumptively reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany and Albany Cnty. Bd. Of Elections*, 522 F.3d 182, 188-90 (2d Cir. 2007). "The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged." *Fermin v. Las Delicias Peruanas Rest., Inc.*,

93 F. Supp. 3d 19, 51 (E.D.N.Y. 2015) (citing *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).

The Second Circuit requires that attorneys' fee applications include contemporaneous time records showing the date the work was performed, "the hours expended, and the nature of the work done" for each attorney or paralegal working on the matter. *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co. Inc.*, No. 07-CV-2568(JG), 2012 WL 1414872, at *10 (E.D.N.Y. Jan. 20, 2012) (quoting *N.Y.S. Ass'n for Retarded Children*, 711 F.2d at 1148); *see Scott v. City of N.Y.*, 643 F.3d 56, 58–59 (2d Cir. 2011). In reviewing a fee application, the district court must examine the hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case. *See Lunday v. City of Albany*, 42 F.3d 131, 133 (2d Cir. 1994); *DiFilippo v. Morizio*, 759 F.2d 231, 235 (2d Cir. 1985). If any expenditure of time was unreasonable, the court should exclude these hours from the calculation. *See Hensley*, 461 U.S. at 434; Lunday, 42 F.3d at 133.

Plaintiff submitted a billing statement and a declaration by his attorney, Darren P.B. Rumack, Esq., in support of his attorneys' fee application. (*See* Declaration of Darren

P.B. Rumack, ECF No. 14-2 at 3-4, 28-30.). Mr. Rumack is a partner at the Klein Law Group and has been practicing law since 2007. Mr. Rumack's practice consists primarily of wage and hour and general employment law, as well as workers' compensation and Social Security Disability law. (*Id.* at 4.) Plaintiff seeks $5,063.05 in attorneys' fees for 13.51 hours of work.

The court may look to fees awarded in recent FLSA and NYLL cases in the Eastern District of New York to determine the reasonableness of a fee request. *Fermin*, 93 F. Supp. 3d at 52. The court finds that 13.51 hours at a rate of $350.00 per hour is reasonable in the Eastern District for an FLSA/NYLL action resulting in a default judgment motion. *Id.* (awarding attorneys' fees at a rate of $350.00 hours for a partner in a default judgment FLSA/NYLL action and finding twenty-two hours as reasonable); *Fundora v. 87-10 51st Ave. Owners Corp.*, No. 13-CV-738(JO), 2015 WL 729736, at *1 (E.D.N.Y. Feb. 19, 2015) (awarding attorneys' fees for a partner at an hourly rate of $350.00 in FLSA/NYLL trial). Accordingly, the court awards attorneys' fees in the amount of $4,728.50.

## XI. Costs

Both the FLSA and New York state law provide for an award of costs. *See* 29 U.S.C. § 216(b); NYLL § 198(4). Here, plaintiff

requests costs of $504.00, comprising the $400.00 filing fee and $104.00 for the service of the summons and complaint. (Rumack Decl., ECF No. 14-2 at 30.) The court finds these amounts are reasonable, and therefore, awards $504.00 in costs.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for entry of a default judgment against defendants Zita Chen and DNC Doors and Cabinets, Inc., is granted in the amount of **$38,552.50** for damages, attorneys' fees and costs plus post-judgment interest. The judgment is allocated jointly and severally against the defendants as follows:

1) Total damages awarded to Jose Rolando Leon: **$33,320.00**

    Unpaid Wages:                            $1,440.00

    Unpaid Overtime:                    $12,720.00

    Liquidated Damages under the FLSA:    $14,160.00

    Violations of §§ 195(a) and (3) of the NYLL:  $5,000.00

2) Attorneys' fees:                 **$4,728.50**

3) Costs:                              **$504.00**

4) Post-judgment interest pursuant to 28 U.S.C. § 1961(a).

The Clerk of Court is respectfully directed to enter judgment for plaintiff and against the defendants Zita Chen and DNC Doors & Cabinets, Inc., and close this case. Plaintiff's counsel shall

serve a copy of this Memorandum and Order and the Judgment on defendants, and note service on the docket.

**SO ORDERED.**

Dated:    March 29, 2017
          Brooklyn, New York

                                    _____/s/_____
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge